HENRY LEWIS *vs.* FRANCIS BOLITHO.

One claiming property of a deceased person, under a gift *causa mortis*, is not affected by decrees of the probate court, charging the administrator with the property, and ordering it to be distributed among the next of kin; and therefore cannot appeal from such decrees, although he appeared and produced witnesses in that court.

THOMAS, J. This is a petition to this court, as the supreme court of probate, for leave to enter and prosecute an appeal from decrees of the judge of probate of this county. It is founded upon the provisions of the Rev. Sts. *c.* 83, § 39. The petition was dismissed by the presiding judge, on the ground that the petitioner was not a person aggrieved by the decrees of the probate court.

The petitioner claims to be the owner of certain moneys and chattels formerly belonging to Henry Bolitho, deceased, and which, he says, were given and delivered to him by the said Bolitho, as a *donatio causa mortis ;* that, after the death of Bolitho, the petitioner delivered the property into the hands of Benjamin F. Russell, the administrator, with an agreement that such delivery should not impair the rights of the petitioner, and that the administrator would restore the property to the petitioner if he had any right thereto. He says, that the adminis-

12 *

trator inadvertently included this property in the inventory of the estate, and accounted for it as assets of the deceased; but that subsequently the administrator applied to the judge of probate for leave to strike the money and other property from his account, on the ground that he had inadvertently charged himself with them. This, upon a hearing at which the petitioner was present, and as he claims, with witnesses, the court of probate declined to do; and subsequently, upon the petition of Francis Bolitho, father and sole heir of the deceased, the court ordered the balance of the estate to be paid over to him.

From these decrees the administrator filed an appeal, but has not prosecuted it; and the petitioner now seeks to enter and prosecute such appeal in his own name.

The question is, Whether the petitioner was " aggrieved " by these decrees? The answer to this question will be found in the answer to another : Did these decrees of the probate court conclude or in any way affect the rights of the petitioner?

Upon the petitioner's own showing, he had a clear title to this property by a gift *causa mortis*, revocable by the recovery of the donor, but upon his death vesting presently in the donee, without passing through the hands of the administrator. The exception to this rule would be that such gift would not be allowed to impair the rights of creditors; but no question with respect to them is made. See *Parish* v. *Stone*, 14 Pick. 198; *Grover* v. *Grover*, 24 Pick. 261.

Now it is very plain that no decree of the probate court can divest the petitioner of a valid title to property, acquired before administration has been granted upon the estate of the deceased. The rights of the administrator, as against third persons, debtors of the deceased, or claiming property by lien, mortgage, deed or gift, can only be determined in a court of common law. The judge of probate has no power whatever to conclude their rights by his decrees. As between the administrator and those entitled to the estate under the statute of distributions, he may pass collaterally upon these points, but in no way to conclude or affect the rights of third persons.

For example, he may charge an administrator with a debt

due the deceased, which he ought to have collected, but through negligence has failed to collect. In deciding whether the administrator should be so charged, he may pass incidentally upon the question whether such debt was justly due, or whether it had been paid or otherwise discharged. If the administrator thinks himself wrongfully charged, he must appeal, and thus get time to bring his action for the claim, and try it at common law. If the administrator were so to bring a suit at law against the debtor, and the debtor were to plead that he never promised, or payment, it would be no reply to say, that these matters had been passed upon by the court of probate, and that the defendant was concluded by the decree of that court.

Nor would the case be varied in principle if the administrator were charged with personal property which a third person claimed to hold under mortgage, and the judge of probate, upon due hearing, determined that the mortgage was manifestly void or had been paid or discharged. It is plain that the decree of the probate court could not affect the right of the mortgagee; nor, upon a suit at law to determine the title to the property, could such decree be used.

The case at bar is, to say the least, equally strong. The petitioner held this property, if at all, by a gift which took effect at the death of the intestate, and then vested the property in him. Of that property he could only be deprived by the judgment of a court of common law. The judgment of the court of probate was, as to this petitioner, *res inter alios;* by which he was not concluded, and by which his rights could not be impaired.

Indeed, upon the agreement set forth in the petition, the petitioner delivered the property to the administrator upon his express promise to return it; which promise, if not barred by the statute of limitations, (of which we express no opinion,) remains in full force, and gives to the petitioner an adequate remedy; to which the allegation that the administrator had been charged with the property by the probate court would be no defence.

Or if the administrator had taken the property from the possession of the petitioner, the petitioner could have maintained trover for the conversion, and it would be no answer by the ad-

ministrator to the action, that the court of probate had charged him with the property as part of the assets of the deceased. The plain reply of the plaintiff would be, And what right has the probate court to distribute my property to the heirs of the intestate?

We do not perceive that the fact of the presence of the petitioner in the probate court, or of his producing witnesses which were used in the hearing, can affect his right. He was not a legal party to the proceeding, and therefore not concluded by the decree.

The cases cited by the learned counsel for the petitioner are quite distinct in principle. In the case of *Wiggin* v. *Swett*, 6 Met. 194, an administrator *de bonis non* was held to be a party aggrieved by a decree of the judge of probate, allowing the account of the executor. Doubtless; for in his trust capacity he was interested in that decree, as all the assets or moneys not credited to the executor passed to the administrator *de bonis non;* and because, on the question of the allowance of that account, he was the legal representative of the estate sought to be charged.

In *Smith* v. *Bradstreet*, 16 Pick. 264, creditors who have acquired a lien upon the real estate of an heir at law are held to be interested in the question of the probate of a will, by which the property so attached would pass to devisees and not to the heir at law. But until they had acquired such interest by attachment, they were not aggrieved by any decree for the probate of the will. The estate vests in the heirs at law at the decease of the ancestor. It is attached, and the parties attaching are permitted to defend the title of the debtor. *Petition dismissed.*

*S. E. Sewall,* for the petitioner, cited Rev. Sts. *c.* 70, § 36; *c.* 83, §§ 34, 39; *Wiggin* v. *Swett*, 6 Met. 194; *Smith* v. *Bradstreet,* 16 Pick. 266; *Bryant* v. *Allen,* 6 N. H. 116.

*F. O. Watts,* for the respondent.